Wesley **VAUGHN**, Plaintiff–Appellant,

v.

Glenn S. **GOORD**, Commissioner of the Department of Correctional Services; James A. Nichols, Deputy Superintendent of Programs (Mid–State); Robert

Prosser, Maintenance Supervisor (Mid–State); Daniel Abbis, Vocational Supervisor (Mid–State); Wilfredo Batista, First Deputy Superintendent (Mid–State); Donald Selsky, Director of Special Housing/Inmate Disciplinary Programs, Defendants–Appellees.*

No. 10–1077–pr.

United States Court of Appeals, Second Circuit.

June 3, 2011.

Wesley Vaughn, Dannemora, NY, pro se.

Owen Demuth, Assistant Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, for Barbara D. Underwood, New York State Office of the Attorney General, Albany, NY, for Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, DEBRA ANN LIVINGSTON, Circuit Judge, JED S. RAKOFF, District Judge.**

### SUMMARY ORDER

Wesley Vaughn appeals from a judgment of the United States District Court for the Northern District of New York (Strom, J.), granting defendants-appellees summary judgment on his claim that he was denied due process at a prison disciplinary hearing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review orders granting summary judgment *de novo* and determine whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law." *Davis v. New York,* 316 F.3d 93, 99–100 (2d Cir. 2002). "[R]eliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion." *Id.* at 100.

For substantially the reasons stated by the district court, we affirm the grant of summary judgment in favor of appellees on Vaughn's due process claim. *Vaughn v. Nichols,* No. 9:02–CV–1512, 2010 WL 681409, at *3–*6 (N.D.N.Y. Feb.24, 2010). "Although prison inmates necessarily have their liberty severely curtailed while incarcerated, they are nevertheless entitled to certain procedural protections when disciplinary actions subject them to further liberty deprivations...." *Sira v. Morton,* 380 F.3d 57, 69 (2d Cir.2004). Here, resolving all ambiguities and drawing all factual inferences in Vaughn's favor, *Davis,* 316 F.3d at 100, we conclude that Vaughn's allegations do not rise to the level of a due process violation.

Finding no merit in Vaughn's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

---

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.